IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION          MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Quittner, et al. v. Boston Scientific Corp.*          Civil Action No. 2:13-cv-07355

## ORDER

Pending before the court is the plaintiffs' Motion for Reconsideration of the Order Dated January 21, 2016 [ECF No. 12]. The defendant has responded to the motion [ECF No. 14], making it ripe for decision. For the reasons stated below, the plaintiffs' Motion for Reconsideration is **DENIED.**

**I. Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 70,000 cases currently pending, over 18,000 of which are in the BSC MDL, MDL 2326. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, ensures that Boston Scientific Corp. ("BSC") receives the plaintiff-specific information necessary to defend the cases against it. Under PTO # 16, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for

production under Federal Rule of Civil Procedure 34. *See* PTO # 16 [ECF No. 211], No. 2:12-md-2326 (S.D. W. Va. Oct. 4, 2012). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.* ¶ 1b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.* ¶ 1i). The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL.

In this case, the plaintiffs failed to provide a PPF in a timely fashion as required by PTO # 16. BSC moved for sanctions in the form of a dismissal or reasonable monetary sanctions. After BSC moved for sanctions, the plaintiffs sent BSC the completed PPF. Because the plaintiffs were late in sending the PPF, I ordered the plaintiffs to pay BSC **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery. Order [ECF No. 11] (S.D. W. Va. Jan. 21, 2016).

## II. Discussion

The Fourth Circuit has recognized three grounds under which a court may grant a motion to amend or alter an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) *to correct a clear error of law or prevent manifest injustice.*" *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (emphasis added). The rule is intended to spare the parties and the appellate courts the costs and burdens of unnecessary appellate proceedings. *Id*. Rule 59(e) motions, however, are not the proper venue "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id*. "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id*. (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

In their motion for reconsideration, the plaintiffs argue that "[t]o require Plaintiffs' counsel to pay Defendant a fee in the amount of $1,000 and supply Plaintiff with to [*sic*.] a copy of the Court's Order…is precisely the type of manifest injustice contemplated by Rule 59(e)." Mem. of Law in Supp. of Pls.' Mot. for Reconsideration 2 [ECF No. 13]. The plaintiffs misstate and mischaracterize my January 21, 2016 Order. Order [ECF No. 11] (S.D. W. Va. Jan. 21, 2016) (granting monetary sanctions and denying sanction of dismissal with or without prejudice). Contrary to the plaintiffs' contentions, I did not state in my Order that the plaintiffs must provide the defendant with another copy of the Plaintiff Profile Form ("PPF"). Rather, I noted that, as of the date of my Order, the plaintiffs had already provided the PPF to the defendant, albeit much later than required under PTO # 16. *See* PTO # 16 [ECF No. 211], No. 2:12-md-2326 (S.D. W. Va. Oct. 4, 2012).

The plaintiffs further characterize my Order of January 21 as manifestly unjust "given the fact that Plaintiff supplied Defendant with a PPF four days after Defendant filed its Motion for Sanctions." Mem. of Law in Supp. of Pls.' Mot. for Reconsideration 3 [ECF No. 13]. The speed at which the plaintiffs turned over the PPF after BSC moved for sanctions, however, was not relevant in my decision to sanction the plaintiffs $1000. Instead, the sanctions came about because, pursuant to PTO # 16[1], the plaintiffs' PPF was due June 7, 2013. The plaintiffs did not submit their PPF until on or about December 21, 2015. The plaintiffs were thus approximately 927 days late in sharing a completed PPF with BSC.

---

[1] "If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures…Any plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." *See* PTO # 16 ¶¶ g and i [ECF No. 211], No. 2:12-md-2326 (S.D. W. Va. Oct. 4, 2012).

3

"[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *In re Yankah*, 514 B.R. 159, 166 (E.D. Va. 2014) (quoting *Westerfield v. United States*, 366 Fed.Appx. 614, 619 (6th Cir.2010)). The plaintiffs provide no substantive reasons for why the sanction I ordered is unreasonable. A reasonable $1000 sanction for failing to provide BSC with a PPF in the prescribed timeframe certainly could not be said to be "manifestly unjust."

### III. Conclusion

For the reasons stated above, it is **ORDERED** that the Plaintiffs' Motion for Reconsideration of the Order Dated January 21, 2016 [ECF No. 12] is **DENIED**.

Additionally, the plaintiffs filed Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and attached a Plaintiff Profile Form containing personal data as identified in Local Rule of Civil Procedure 5.2.1(a). [ECF No. 10-1]. It is **ORDERED** that the Clerk strike the documents [ECF No. 10-1] and remove the images from the docket. Plaintiffs' counsel is directed to refrain from filing such records in the future without proper redaction.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 16, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE